**Charles LEACH, Plaintiff,**

v.

**FARNSWORTH & CHAMBERS COM-PANY, Incorporated, Defendant.**

**Civ. A. No. 8446.**

United States District Court
D. Colorado.

July 10, 1964.

Wood, Ris & Hames, Wm. K. Ris, and James E. Elliott, Jr., Denver, Colo., and Barnes, Schlegel & McGiverin, Ottumwa, Iowa, for plaintiff.

Dawson, Nagel, Sherman & Howard, Raymond J. Turner, and Charles R. Frederickson, Denver, Colo., for defendant.

CHILSON, District Judge.

This matter is before the Court upon a motion to quash service of process.

The jurisdiction of this Court was invoked solely upon the ground of diversity of citizenship.

Service of process was made upon the defendant under a Colorado statute (C.R.S.1953, 31–35–19(3), 1960 Permanent Supplement) which provides:

"If any foreign corporation shall hereafter transact business in this state without having qualified to transact business, it shall be deemed that such corporation has designated and appointed the secretary of state as an agent for process upon whom may be served any process from a court of record in any civil action arising out of any act or omission of such corporation within this state. When any civil action is commenced, the court upon verified motion giving the last known address of such corporation, and stating facts showing transaction of business within this state, may ex parte authorize service to be made upon the secretary of state. Service shall be made by delivering two copies of the process, complaint, motion and order of court, with a fee of five dollars which shall be taxed as part of the cost of the proceeding, to the secretary of state, his assistant or deputy. Notice of such service and a copy of each instrument so served shall forthwith be sent by the secretary of state by registered mail addressed to the defendant at its last known address with return receipt requested. Promptly after such mailing the secretary of state shall file with the clerk of the court a certificate showing such mailing. Service shall be complete on the date the certificate is filed with the clerk of court."

In accordance with this statute the plaintiff filed a motion with this Court stating that the defendant transacted business in the State of Colorado without having qualified to transact business, and requested an order authorizing the plaintiff to serve process upon the secretary of state of the State of Colorado in accordance with C.R.S.1953, 31–35–19 (3). Upon this motion this Court entered an order authorizing service to be made upon the secretary of state in accordance with the procedures described in the foregoing statute.

Service was accordingly made and the defendant has moved to quash service of process on the ground that the procedures set forth in said statute are lacking in due process and are in violation of Article II, Section 25 of the Colorado Constitution and Article XIV of the Federal Constitution.

We consider here only the ground that the procedures specified in the statute are lacking in due process under Article II, Section 25 of the State Constitution, which provides:

"No person shall be deprived of life, liberty or property, without due process of law."

Since this matter is in this Court solely on the grounds of diversity of

citizenship, under Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1108 (1938), the validity of the statute under the Colorado Constitution is governed by the Colorado Constitution and the interpretation of the same by the Colorado Supreme Court, the highest court of the State of Colorado.

Recently the Colorado Supreme Court, in the case of Clemens v. District Court, 390 P.2d 83, rendered an opinion which compels this Court to find that the statute under which service was made in this case is lacking in due process as required by the Colorado Constitution and is void.

In the Clemens case the Court had under consideration Chapter 75 of Session Laws of Colorado 1961, being C.R.S.1953, as amended, 13–8–5 to 13–8–10. 13–8–7 provides:

"A nonresident who is the driver of a motor vehicle involved in an accident shall be deemed to have appointed the secretary of state his true and lawful attorney upon whom may be served process in any civil action against such nonresident pertaining to such accident and any such process served as hereinafter provided shall be of the same legal force and validity as if served on such nonresident driver personally within this state."

13–8–8 provides:

"When any civil action which pertains to an accident is commenced in any court of record in this state, the court shall, upon verified motion giving the last known address of the defendant and setting forth the circumstances by which the plaintiff is entitled to serve the secretary of state in accordance with the provisions of this article and upon finding that such service is proper, enter an order ex parte setting forth the last known address of the defendant and authorizing service to be made on the secretary of state. Service shall be made by delivering two copies of the process, complaint, motion and order of court to the secretary of state, his deputy or assistant, together with a fee of five dollars, which shall be taxed as part of the cost of the proceedings. Notice of such service and a copy of each instrument so served shall forthwith be sent by the secretary of state by certified or registered mail, addressed to the defendant at his address given in the order of court, with return receipt requested. Promptly after such mailing the secretary of state shall file with the clerk of the court a certificate showing such mailing. Service shall be complete thirty days after service of process on the secretary of state as herein provided."

In the Clemens case service was made under the foregoing sections of the statute upon Clemens, the driver of a vehicle which was involved in an accident in the state of Colorado.

At the time of the accident Clemens was a resident of Colorado, but prior to the institution of suit became a resident of Utah.

The Colorado Supreme Court, in considering the service of process upon Clemens, concluded that 13–8–8, providing for the method of service of process in such cases, was lacking in due process and was void.

The Court in arriving at this conclusion stated (390 P.2d page 90):

"We are not unmindful of the fact that courts of last resort of many states have held that procedures such as those had here and statutes bearing marked similarity to Chapter 75 are valid and not lacking in due process. Our reasoning and analysis of the problems presented lead us to contrary conclusions.

\* \* \* \* \* \*

"Though Chapter 75 requires that the papers be sent by certified or registered mail, 'with return receipt requested,' it makes no provision as to the disposition to be made by the secretary of state of the 'return receipt.' The statute provides that the secretary of state shall 'promptly'

after such mailing certify as to the fact of mailing. It necessarily follows that if the secretary of state 'promptly' makes his certificate of service, he will have done so before he could receive any 'return receipt' as requested.

"Here, proceeding under the statute, service was had on two defendants; one received notice, the other did not. Though the effectiveness of procedures prescribed for getting notice to defendants should not be finally adjudged on results attained in an isolated case, the result here attained does cast grave doubt on the effectiveness of the methods provided and pursued.

"Procedures only fifty percent effective cannot be held as reasonably calculated to bring notice to the defendant or to constitute due process.

"We conclude that Section 8, Chapter 75, Session Laws 1961, (C.R.S. 53, 13–8–8) providing for the method of service of process, is lacking in due process and is void."

C.R.S.1953, 31–35–19(3), here under consideration, is subject to the same criticism directed by the Colorado Supreme Court to the service statute there under consideration.

 In the instant case the statute provides for service upon the secretary of state; that the secretary of state mail notice of such service and a copy of the process so served to the defendant at its last known address by registered mail with return receipt requested. The statute makes no provision as to the disposition to be made by the secretary of state of the return receipt.

The statute here under consideration also provides that the secretary of state shall "promptly" after such mailing file with the clerk of the court a certificate showing such mailing. It necessarily follows that if the secretary of state promptly makes his certificate of service, he will have done so before he could have received any return receipt as requested.

This is the same criticism which the Colorado Supreme Court made of the statute under consideration in the Clemens case, and it was because of these deficiencies in the statute that the Colorado Supreme Court concluded that the statute under consideration in the Clemens case was lacking in due process and void.

This Court is compelled to conclude that the statute here under consideration, by virtue of the Clemens decision, is lacking in the due process required by Article II, Section 25 of the Colorado Constitution, and for that reason is void.

The defendant's motion to quash service of process should be granted.

The Court makes no ruling and expresses no opinion upon the defendant's contention that the statute is in contravention of Article XIV of the Federal Constitution.

It is therefore ordered that the motion to quash service of process be and the same is hereby granted and service of process is hereby quashed.